UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No. 06-20397

DAVID LIONEL HOKES, JR.,

        Defendant.
                                          /

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the court is Defendant David Lionel Hokes, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 based on a retroactive, intervening change in law. (Dkt. #42.) The Government has responded, (Dkt. #49), and Defendant has replied, (Dkt. #50). Along with his reply, Defendant filed a Motion for Retroactive Application of Sentencing Guidelines Pursuant to 18 U.S.C. § 3582(c)(2), (Dkt. #51.), but requested that it be held in abeyance until after resentencing on Superseding Count One. The Government has not filed any response to this second motion. For the following reasons, the court will grant in part and deny in part Defendant's first motion and it will not yet address Defendant's second motion.

**I. BACKGROUND**

Defendant was pulled over on July 5, 2006, and police administered a test which determined his blood alcohol level to be 0.13. Following a search of the car, they recovered a revolver from the trunk. At the time, Defendant was a convicted felon and

was thus charged with possession of the firearm after having been convicted of a felony offense. While released on bond for this charge, Defendant then sold 28.7 grams of crack cocaine to an undercover police informant. Thereafter, he was charged by Grand Jury with: being a felon in possession of a firearm and an armed career criminal (Superseding Count One); distribution of crack cocaine (Superseding Count Two); and commission of a federal offense while on release (Superseding Count Three). Defendant entered a guilty plea on all three superseding counts, and on June 17, 2008, was sentenced to serve "180 months on Counts S1 and S2, to run concurrent on 1 day on Count S3, to run consecutive to the terms on Counts S1 and S2." (Dkt. #39, Pg. ID 117.) No appeal was filed before Defendant filed the instant petition on October 29, 2015.

Defendant argues that his sentence as to Superseding Count One should be vacated, as he should not have been sentenced as an Armed Career Criminal. In support, he argues that one of his prior convictions no longer qualifies as a crime of violence in light of recent Supreme Court and Sixth Circuit case law. Defendant reasons that since he now only has two prior convictions, he is at least entitled to resentencing. In its brief, the Government did not dispute this interpretation, but it argues that the current 180-month sentence and mandatory minimum under the Armed Career Criminal Act ("ACCA") is nonetheless appropriate, because the parties had agreed to a sentencing range above that level. In reply, Defendant argues that the mandatory minimum under the ACCA or the previously agreed-upon range is irrelevant as his new sentencing guideline range is 77 to 96 months.

Defendant also seeks to have his sentence as to Superseding Count Two vacated under the Fair Sentencing Act of 2010. In opposition, the Government argues that the filing was untimely, having come more than one year after the judgment of his conviction became final. It also argues that the Fair Sentencing Act does not apply to individuals sentenced prior to August 3, 2010, such as Defendant. Defendant does not meaningfully respond to these arguments, but indicates that he has filed a motion for retroactive application on this offense to be held in abeyance until after he is resentenced on Superseding Count One.

## II. STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The defendant must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order to obtain relief. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III. DISCUSSION

Defendant has made a persuasive case for resentencing as to Superseding Count One. The Supreme Court in *Johnson v. United States*, held that the residual clause of the ACCA is unconstitutionally vague. 135 S. Ct. 2551 (2015). The

3

Government readily agrees that Sixth Circuit precedent and subsequent Supreme Court precedent is similarly in line with resentencing on this count. *See Mathis v. United States*, 136 S. Ct. 2243, 2245, 195 L. Ed. 2d 604 (2016); *see also United States v. France*, 394 F. App'x 246, 250 (6th Cir. 2010). Accordingly, the court will grant Defendant's motion for resentencing on Superseding Count One.

On the other hand, it is just as plain that Defendant's request for resentencing as to Superseding Count Two under § 2255 is time-barred. Defendant filed his petition more than seven years after the court entered final judgment. Plaintiff's petition was not time-barred as to Superseding Count One because an exception to the one-year limitations period exists for new rights recognized by the Supreme Court after a conviction becomes final. *See Wiegand v. United States*, 380 F.3d 890, 892-93 (6th Cir. 2004) (recognizing that "AEDPA established alternative limitations periods, including one for new rights the Supreme Court recognizes after the prisoner's conviction becomes final" such that Defendant may file one year after "the date on which the right asserted was initially recognized by the Supreme Court . . ."). As conceded by the government, such new rights exist for Superseding Count One, but Defendant has made no showing that they exist for Superseding Count Two. Thus, the court will grant Defendant's motion for resentencing as to Superseding Count One and deny the motion as to Superseding Count Two.

## IV. CERTIFICATE OF APPEALABILITY

In order to appeal the court's decision, Defendant must obtain a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate

this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on a motion under Section 2255. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

Here, jurists of reason would not debate the court's analysis with respect to any of Defendant's claims because they are devoid of merit. The court will therefore deny a certificate of appealability.

## V. CONCLUSION

IT IS ORDERED that Defendant's Amended Motion to Vacate, Set Aside or Correct Sentence and or Conviction Based on Intervening Change in Law Pursuant to 28 U.S.C. § 2255, (Dkt. #171), is GRANTED as to Superseding Count One, and DENIED as to Superseding Count Two.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: January 12, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 12, 2017, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522